### VAN RENFRO V. THE STATE.

No. 9394. Delivered January 15, 1926.

**1.—Sale of Intoxicating Liquor—Impeaching Witness—Laying Predicate—Erroneously Refused.**

Where, on a trial for the sale of intoxicating liquor, the prosecuting witness having testified to a purchase from appellant about the 9th day of September, the trial court was in error in refusing to permit appellant to ask said witness if it was not a fact that he had fixed the date of the alleged offense definitely on the 9th day of September in his testimony before the grand jury. Such testimony was admissible as a predicate for impeachment, though given before the grand jury. Following Clanton v. State, 13 Tex. Crim. App. 139; 153 and 154 and numerous other cases cited in this opinion.

**2.—Same—Charge of Court—On Alibi—Improperly Refused.**

Where appellant introduced evidence of an alibi, it was improper for the court to fail to charge the jury on the law of alibi, without regard to the cogency of the evidence of the State against this defensive theory. Following McGrew v. State, 10 Tex. Crim. App. 539 and other cases cited.

Appeal from the Criminal District Court of Polk County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*S. F. Hill* and *Cade Bethea,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The witness Gilbert testified that he purchased a quart of whiskey from the appellant. He claimed that the transaction occurred at the home of the appellant about five o'clock in the afternoon, on Tuesday, about the 9th of September. He was not definite concerning the day of the month but was certain as to the other particulars.

Appellant introduced testimony to the effect that on Monday, Tuesday and Wednesday of September,. being the 8th, 9th and 10th of that month, he was not at his home but was at another place some 25 or 30 miles distant. He sought to lay a predicate for the impeachment of Gilbert · by asking him if it was not a fact that in his testimony before the grand jury he had fixed the date of the alleged· offense definitely as the 9th of September. Upon the objection of the State that the question called for an inhibited inquiry into the proceedings of the grand jury, the predicate for the impeaching testimony was excluded. In this respect, we are of the opinion that the learned trial judge was ·in error. The ruling was in accord with the Ruby case, 9 Tex. Crim. App. 353. That case, however, was overruled in Clanton v. State, 13 Tex. Crim. App. 139. (See pages 153 and 154.) Since that time the ruling in Clanton's case, supra, has been uniformly given adherence by this court. See Scott v. State, 23 Tex. Crim. App. 565; Morris v. State, 84 Texas Crim. Rep. 107; Thomas v. State, 35 Tex. Crim. Rep. 180; Link v. State, 73 Tex. Crim. Rep. 94; Padron v. State, 41 Crim. Rep. 549; Brown v. State, 58 S. W. Rep. 133, and numerous other cases listed in Branch's Ann. Tex. P. C., Secs. 177 and 179.

Appellant sought, in an appropriate manner, to have the. jury instructed upon the theory of alibi. We think the record does not warrant the refusal to comply with this request. The testimony. was direct and definite to the point that the

appellant was not at his home on the 8th, 9th and 10th of September. The State's witness fixed the date as Tuesday, about the 9th of September. It is not believed that the cogent evidence against the theory of alibi was such as to preclude the necessity of a charge upon that subject. See McGrew v. State, 10 Tex. Crim. App. 539; Long v. State, 11 Tex. Crim. App. 387; Conway v. State, 33 Tex. Crim. Rep. 330, and numerous other precedents collated in Branch's Ann. Tex. P. C., Sec. 55.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*